**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **RICHARD ARMSTEAD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 2:24-cv-02671-MSN-tmp** |
| **v.** | ) | |
| | ) | |
| **CHARLES HARRISON, WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

---

**RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

---

Petitioner, Richard Armstead, register number 06241-028, is a Federal Bureau of Prisons ("BOP") inmate currently designated to the Federal Correctional Institution located in Thomson, Illinois.[1] *See* Declaration of Robin Eads ("Eads Decl.") at ¶ 5 (attached hereto as **Exhibit 1**); Public Information Inmate Data (Att. A to Eads Decl.). Petitioner challenges the BOP's determination that he is ineligible to have First Step Act ("FSA") time credits applied to his sentence. (Petition for Writ of Habeas Corpus Under 20 U.S.C. § 2241 ("Petition"), ECF 2 at PageID 3.) As explained below, Petitioner is statutorily ineligible to earn FSA time credits. Accordingly, the Court should grant this motion and dismiss the Petition.

## I. FACTUAL BACKGROUND

### A. Petitioner's Relevant Criminal History

[1] At the time Petitioner filed the instant Petition on September 19, 2024, he was designated to the Federal Correctional Institution located in Memphis, Tennessee ("FCI Memphis"). (*See* ECF 2 at PageID 2.)

Petitioner is currently serving an aggregate 240-month sentence, which includes three separate sentences:

(1) A 240-month sentence for conspiracy to possesses with intent to distribute and to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841, 846 & 851; and conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841, 846 & 851, imposed by the United States District Court for the Southern District of Indiana on May 29, 2012;

(2) A 37-month sentence for a supervised release violation with an original sentence for conspiracy to possess with intent to distribute cocaine and cocaine base imposed by United States District Court for the Southern District of Indiana on May 29, 2012; and

(3) A 24-month sentence for a supervised release violation with an original sentence for contraband in prison, a violation of 18 U.S.C. § 1791 imposed by the United States District Court for the Southern District of Indiana on May 29, 2012.

*See* Eads Decl. ¶ 3 (Ex. 1); Public Inmate Information (Att. A to Ex. 1). The supervised release sentences were ordered to run concurrent with the 240-month sentence and each other. *Id.* Because Petitioner has a current conviction for 18 U.S.C. § 1791, the BOP has determined that he is ineligible for FSA time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(xxix). Eads Decl. ¶ 4 (Ex. 1).

**B. Petitioner's Habeas Petition History**

Petitioner filed the instant Petition on September 19, 2024. (ECF 2.) Eight months later, on May 29, 2025, Petitioner filed a second Petition, which was docketed as ECF 1 in Case 2:25-cv-025520-SHL-cgc in the Western District of Tennessee (the "Second Petition"). The instant Petition challenges the denial of FSA credits, while the Second Petition challenges the BOP's denial of a sentence reduction under 18 U.S.C. § 3621(e) for completing the Residential Drug Abuse Program ("RDAP"). (*See generally* ECF 2; ECF 1, *Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.) While the instant Petition references purported credit under RDAP, it does not directly request relief pertaining to RDAP. (*See, e.g.,* ECF 2 at PageID 8 ("Order

that I am released on my completion of RDAP.").) The Second Petition does not address the application of FSA credits. (*See generally* ECF 1, *Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.)

The Court in Case 2:25-cv-025520-SHL-cgc ordered that the Respondent submit a response to the Second Petition by July 28, 2025. (ECF 6, *Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.) Respondent sought and received a brief extension, and Respondent filed a Motion to Dismiss on July 29, 2025. (ECF 10, *Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.) Petitioner subsequently filed a Response, Respondent filed a Reply, and Petitioner filed a Sur-Reply. (ECF 11, 12, 13, Armstead v. Harrison, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.) As of the date of this filing, there has been no Order entered on the Motion to Dismiss filed in Case 2:25-cv-025520-SHL-cgc.

On August 19, 2025, this Honorable Court ordered Respondent to file a response to the instant Petition by September 16, 2025. (ECF 6.) To the extent that the instant Petition raises any allegations pertaining to RDAP credit, Respondent hereby relies upon and incorporates by reference his filings in *Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee, as though fully reproduced herein.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Motion to dismiss under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's

allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id.* That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed because it fails to sufficiently comport with basic pleading requirements. *Iqbal,* 556 U.S. at 678. Furthermore, the Court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citation omitted). Ultimately, deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B. Motion for summary judgment pursuant to Fed. R. Civ. P. 56**

Under Rule 56(c), summary judgment is appropriate if the moving party can establish that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Tigrett v. Cooper*, 7 F. Supp. 3d 792, 797-98 (W.D. Tenn. 2014). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986)). "The plaintiff must present more than a mere scintilla of evidence in support of her position; the plaintiff must present 'evidence on which the jury could reasonably find for the plaintiff.'" *Id.* (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment. "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F. 3d 1173, 1177 (6th Cir. 1996) (citing *Anderson*, 477 U.S. at 247-49) (abrogated on different grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012)).

## III. LAW AND ARGUMENT

Petitioner is statutorily ineligible to receive FSA credits. The FSA's plain language expressly prohibits him from earning time credits because he is currently serving a sentence for a conviction under 18 U.S.C. § 1791. The Supreme Court's recent *Loper Bright* opinion does not provide Petitioner a basis for relief. Accordingly, the Court should dismiss the Petition.

### A. The FSA expressly prohibits Petitioner from earning FSA time credits because he is currently serving a sentence for a conviction under 18 U.S.C. § 1791.

The FSA allows prisoners to earn time credits towards supervised release or prerelease custody (placement in home confinement or an RRC) for successfully participating in evidence-based recidivism reduction programming and productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA specifically prohibits prisoners from receiving these FSA time credits "if the prisoner is serving a sentence for a conviction" for a disqualifying offense. *See id.* § 3632(d)(4)(D). 18 U.S.C. § 3632(d)(4)(D)(xxix) specifically lists a conviction for unlawful possession of a firearm under 18 U.S.C. § 1791 as one such disqualifying offense. Thus, the FSA precludes inmates who

are currently serving a sentence under 18 U.S.C. § 1791 from earning time credits. *See id.*

Here, Petitioner appears to assert that the BOP erred in aggregating his multiple federal sentences; that he has completed the service of his sentence for his 18 U.S.C. § 1791 offense; and, therefore, he should be earning FSA time credits for his other non-disqualifying offenses. (*See* ECF 2-1 at PageID 10-11.) In other words, Petitioner argues that the BOP should have bifurcated his sentence for purposes of his FSA eligibility, which would allow him to earn FSA time credits for the portion of his aggregate sentence that he served after he served the 24-month supervised release revocation sentence for the violation of 18 U.S.C. § 1791.

The FSA's plain text shows that Petitioner's argument is incorrect. 18 U.S.C. § 3584(c) specifically mandates that multiple federal sentences, regardless of consecutive or concurrent status, will be aggregated to a single sentence for administrative purposes. Thus, under § 3584(c), Petitioner's 240-month sentence for his drug conviction, his 37-month supervised release revocation for drug offenses and his 24-month supervised release revocation sentence for introduction of contraband into a prison sentence are all aggregated into one 240-month sentence for administrative purposes as required by 18 U.S.C. § 3584(c). *See* Public Inmate Information (Att. A to Eads Decl.).

The BOP has correctly determined that Petitioner is not eligible to earn FSA time credits under the plain language of 18 U.S.C. §§ 3632(d)(4)(D)(xxi) and 3584(c). Petitioner's argument has been rejected by the Sixth Circuit Court of Appeals. *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, * 1 (6th Cir. Nov. 22, 2023) (finding that the BOP's calculation of an inmate sentence and awarding of credits that reduce the length of sentence are administrative functions subject to 18 U.S.C. § 3584(c)). The BOP has correctly applied 18 U.S.C.

§§ 3632(d)(4)(D)(xxix) and 3584(c) to Petitioner's sentence. Accordingly, the Court should grant this motion and dismiss the Petition.

**B. *Loper Bright* does not provide Petitioner with a basis for relief.**

Petitioner cites the Supreme Court's recent *Loper Bright v. Raimondo*, 144 S. Ct. 2244 (2024), decision to challenge the BOP's authority to determine his eligibility for FSA time credits. (ECF 2-1, at PageID 11.) However, *Loper Bright* does not control the outcome here. The BOP was not engaging in the type of statutory interpretation addressed by *Loper Bright* when it denied Petitioner FSA credits. Accordingly, the Court should dismiss the Petition.[2]

At issue in *Loper Bright* was a rule promulgated by the National Marine Fisheries Service ("NMFS") pursuant to the Magnuson-Stevens Act, 16 U.S.C. § 1801, *et seq*., which incorporates the APA, 5 U.S.C. § 551, et seq. *See Loper Bright*, 603 U.S. at 380–84. In separate actions, the two *Loper Bright* petitioners challenged the NMFS rule, alleging that it was unauthorized under the Magnuson-Stevens Act. *Id.* at 382–84. In evaluating the NMFS rule, reviewing courts applied the two-step framework set forth in *Chevron*, which was broadly applicable to reviews of agency action, and resolved the cases in favor of the Government. *See id.*

Under *Chevron*, when "review[ing] an agency's construction of the statute which it administers," a court's first inquiry is "whether Congress has directly spoken to the precise question at issue," and "[i]f the intent of Congress is clear, that is the end of the matter." *Chevron,* 467 U.S. at 842. But, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the

[2] Petitioner raised similar *Loper Bright* arguments in his Response to the Motion to Dismiss the Second Petition (ECF 11*, Armstead v. Harrison*, 2:25-cv-025520-SHL-cgc, Western District of Tennessee.) Respondent addressed those arguments in his Reply (ECF 12), and Respondent relies upon and incorporates those arguments here as though fully reproduced herein.

statute." *Id*. at 843. If an agency offered a "reasonable interpretation," a court afforded the agency's interpretation deference, even if the court would have reached a different construction. *Id.* at 843–44.

In *Loper Bright*, the Supreme Court overturned the longstanding *Chevron* doctrine and held that courts need not (and, under the APA, may not) defer to an agency's interpretation of the law simply because a statute is ambiguous. *See Loper Bright*, 603 U.S. 396–412. The Court observed "*Chevron* cannot be reconciled with the APA . . . by presuming that statutory ambiguities are implicit delegations to agencies." *Id.* at 399. Rather, "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id.* at 412. For purposes of such an inquiry, the "question that matters" is: "Does the statute authorize the challenged agency action?" *Id*. at 375. As the Supreme Court articulated, "[c]areful attention to the judgment of the Executive Branch may help inform that inquiry" and "when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it." *Id.* at 412–13.

Petitioner asserts that "[t]he FSA has been interpreted by the BOP leading to prisoners being denied Time Credits that Congress intended." (ECF 2-1 at PageID 11.) Petitioner appears to rely on *Loper Bright* to argue that the Court should not give deference to such an interpretation. Petitioner's argument, however, misinterprets the BOP's actions. In denying Petitioner FSA credits, the BOP was not engaging in statutory construction or interpretation to determine when the BOP may deny a sentence reduction. The BOP was acting pursuant to the discretion given by Congress.

Congress specifically excluded inmates who are currently serving sentence for convictions under 18 U.S.C. § 1791 from earning FSA time credits per 18 U.S.C. § 3632(d)(4)(D)(xxix). The

BOP's application of 18 U.S.C. §§ 3632(d)(4)(D) and 3584(c) is unambiguous and well-supported by case law. *See e.g. Howell v. Napier*, No. 4:24-cv-7499-SAL, 2025 WL 2304685, * 3 (D.S.C. Aug. 11, 2025); *see also Brewer v. Harrison*, No. 2:24-cv-2305-SHL-atc, 2025 WL 367398, * 1 (W.D. Tenn. Jan. 29, 2025) (finding that *Loper Bright* has no effect on the BOP's application of § 3632(d)(4)(D) and 3584(c)); *Martinez v. Healy*, No. 4:24-cv-0833, 2025 WL 2021533, * 7 (N.D. Ohio July 18, 2024) (noting courts that have reviewed the BOP's application §§ 3632(d)(4)(D) and 3584(C) have not relied on the BOP's interpretation of the statutory sections but rather on the plain language of the sections). Accordingly, Petitioner should remain ineligible to receive FSA time credits and his Petition should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant this motion and dismiss the Petition.

Dated: September 16, 2025

Respectfully submitted,

Joseph C. Murphy, Jr.
INTERIM UNITED STATES ATTORNEY

By: /s/ *Sarah Pazar Williams*
Sarah Pazar Williams (TN BPR 031261)
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
WESTERN DISTRICT OF TENNESSEE
167 North Main Street, Suite 800
Memphis, Tennessee 38103
Phone: (901) 544-4231
sarah.williams2@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Sarah Pazar Williams, Assistant United States Attorney for the Western District of Tennessee, certify that I sent the foregoing by U.S. Mail to the following:

Richard Armstead # 06241-028
FCI Thomson
PO Box 1002
Thomson, IL 61285

This 16th day of September 2025.

*/s/Sarah Pazar Williams*
Sarah Pazar Williams
ASSISTANT UNITED STATES ATTORNEY