**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| RICHARD ARMSTEAD, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:24-cv-02671-MSN-tmp |
| WARDEN HARRISON, | ) | |
| Respondent. | ) | |

---

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION PURSUANT TO 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Richard Armstead.[1] (ECF No. 2.) Respondent Warden

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), under Federal Bureau of Prisons ("BOP") register number 06241-028. (ECF No. 2 at PageID 2; ECF No. 2-2 at PageID 21.) He is currently confined at the Federal Correctional Institution in Milan, Michigan ("FCI-Milan"), under BOP register number 06241-028. *See* https://www.bop.gov/inmateloc/ (register number 06241-028) (last accessed July 8, 2026). Petitioner is scheduled to be released on September 15, 2028. *Id*. The Clerk of Court is **DIRECTED** to modify the docket to show Petitioner's address as: Richard Armstead, FCI-Milan, 4004 East Arkona Road, Milan, Michigan 48160. *See id*.

Petitioner's transfer to pre-release custody in Milan, Michigan does not deprive this Court of jurisdiction under § 2241's "immediate custodian" provision because at the time Petitioner filed his petition, he was confined within this district. *See* 28 U.S.C. §§ 2241(a); 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

Harrison filed a Motion To Dismiss For Failure To State A Claim. (ECF No. 9, "MTD.") Petitioner did not file a response to the MTD, and the time to do so has expired. (*See* ECF No. 6 at PageID 23–24.)

For the reasons that follow, Respondent's MTD (ECF No. 9) is **GRANTED**, and the § 2241 Petition (ECF No. 2) is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On May 29, 2012, the United States District Court for the Southern District of Indiana sentenced Petitioner to 240 months on each of the following counts, to be served concurrently: (1) conspiracy to possess with intent to distribute and to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. §§ 841, 846 and 851 ("Count 1"); and (2) conspiracy to possess with intent to distribute and to distribute in excess of 50 grams of methamphetamine (actual), in violation of 21 U.S.C. §§ 841, 846, and 851 ("Count 2") (collectively, the "Sentence"). *See United States of America v. Armstead*, No. 3:11-cr-00012 (S.D. Ind. June 11, 2012) ("*Armstead I*"), ECF No. 326 at PageID 1101–06); *see also* ECF No. 2-1 at PageID 10; ECF No. 9-1 at PageID 46.

The Sentence was to be served:

(1) concurrently with Petitioner's 37-month sentence in Case No. 3:99-cr-00037 for a supervised release violation, with an original sentence for conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846 (*see United States of America v. Armstead*, No. 3:99-cr-0037 (S.D. Ind. June 11, 2012) ("*Armstead II*"), ECF No. 61); *see also* ECF No. 2-1 at PageID 10; ECF No. 9-1 at PageID 47 (37-month sentence for supervised release violation)); and

(2) concurrently with his 24 month sentence in Case No. 3:11-cr-00017 for a supervised release violation, with an original sentence for contraband in prison, in violation of 18 U.S.C. § 1791 (*see United States of America v. Armstead*, No. 3:11-cr-0017 (S.D. Ind. June 11, 2012) ("*Armstead III*"), ECF No. 8); *see also* ECF No. 2-1 at PageID 10; ECF No. 9-1 at PageID 48 (24-month sentence for supervised release violation)).

The sentencing court ordered that, upon Petitioner's release from imprisonment, he shall be on supervised release for 8 years as to Count 1 and 10 years as to Count 2, to be served concurrently. (*See Armstead I*, ECF No. 326 at PageID 1103; *see also* ECF No. 9-1 at PageID 46 (240-month Sentence imposed, with 10 years of supervision).)

Petitioner filed the instant § 2241 Petition on September 19, 2024. (ECF No. 2.) Petitioner alleges that the BOP "has repeatedly denied FSA Time Credits for the whole sentence, even after the 'Term' of imprisonment for the specific FSA ineligible conviction is served." (ECF No. 2-1 at PageID 10.) He contends that "[a]lthough [§] 1791(a)(2) is ordered to run 'concurrently' for 17 months, the BOP is running the [§] 1791(a)(2) Term for the entirety of the 240-month sentence. They are forbidden to do so per 18 U.S.C. 523.41(d)(2). Petitioner is eligible for FSA Time credits AFTER 'serving a term of imprisonment for …' [§] 1791(a)(2), which is listed under 18 U.S.C. [§] 3632(d)(4)(D)." (*Id.* at PageID 11.)

On September 16, 2024, Respondent filed the MTD under Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 9.) Respondent argues that the § 2241 Petition should be dismissed

[2] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

because, under 18 U.S.C. § 3632(d)(4)(D), Petitioner's conviction under § 1791 for possession of contraband in prison renders him ineligible to receive FSA earned time credits. (ECF No. 9 at PageID 36–38.) Respondent's MTD is supported by the Declaration of Robin Eads, a Paralegal at the BOP's Consolidated Legal Center with access to Petitioner's official records, including his SENTRY Report and his FSA Time Credit Assessment, which are attached.[3] (ECF No. 9-1.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and construes the record in the light most favorable to the non-moving party. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits

[3] SENTRY is a computer database maintained by the BOP that contains inmates' personal data, administrative remedy history, sentence computation, disciplinary history, housing assignments, and other pertinent information. (*See* ECF No. 9-1 at PageID 44–52.)

attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

**LAW**

The First Step Act rewards prisoners who participate in recidivism reduction programs. *See generally* Pub. L. No. 115-319, 132 Stat. 5194 (2018). A prisoner who successfully completes a program "shall earn 10 days of time credits for every 30 days of successful participation" in the programming. 18 U.S.C. § 3632(d)(4)(A)(i). These time credits can be used to reduce time in custody or on supervised release. § 3632(d)(4)(C). But not all prisoners are eligible. § 3632(d)(4)(A). A prisoner serving a sentence for a conviction under 18 U.S.C. § 1791 cannot receive time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxix) ("A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under . . . Section 1791, relating to providing or possessing contraband in prison."). This exclusion applies even when the prisoner is serving an additional sentence for a conviction that would not disqualify him. *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). Multiple terms of imprisonment, whether served consecutively or concurrently, are not considered "separate and distinct" from each other. *Id.* Instead, they are treated "as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

**ANALYSIS OF THE MTD AND THE § 2241 PETITION**

Respondent argues that the § 2241 Petition should be dismissed because Petitioner is statutorily ineligible to receive FSA time credits under 18 U.S.C. § 3632(d)(4)(D). (ECF No. 9 at PageID 36–38.) Under that provision, a prisoner is prohibited from earning FSA time credits

"if the prisoner is serving a sentence for a conviction" for a disqualifying offense. § 3632(d)(4)(D). A conviction for possession of contraband in prison under § 1791 is one such disqualifying offense. *See* § 3632(d)(4)(D)(xxix).

Petitioner contends that: (1) the BOP erred in aggregating his multiple federal sentences, (2) he has completed the service of his sentence for his 18 U.S.C. § 1791 offense, and (3) he therefore should be earning FSA time credits for his non-disqualifying offenses as to the remaining term of imprisonment. (*See* ECF 2-1 at PageID 10–11.) In other words, Petitioner argues that the BOP: (1) should evaluate each of his offenses separately for purposes of determining FSA eligibility; (2) should bifurcate his aggregate sentence, to allow him to earn FSA time credits for the portion after he served the 24-month supervised release revocation sentence for § 1791 violation; and (3) should apply FSA time credits toward the Sentence for violation of §§ 841, 846, and 851.

Petitioner's argument is inconsistent with the plain language of 18 U.S.C. § 3584(c), which states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The aggregation directive in § 3584(c) applies to the BOP's implementation of the FSA's earned time credit program. *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025). Accordingly, the BOP treats multiple sentences as "a single, aggregate term of imprisonment" when making FSA eligibility determinations, regardless of whether the sentences are imposed concurrently or consecutively or by one court or multiple courts. *See* § 3584(c). As a result, the BOP must conclude that a prisoner is ineligible to earn FSA time credits if one of the prisoner's convictions precludes him from receiving time credits. *See Keeling*, 2023 WL 9061914, at *1 (affirming

district court's denial of § 2241 petition seeking FSA earned time credits where petitioner's aggregate sentence included a disqualifying conviction under § 3632(d)(4)(D)).

Here, the BOP "has determined that [Petitioner] is ineligible for FSA time credits pursuant to 18 U.S.C. § 3632(d)(4)(D)(xxix)," because "Petitioner is currently serving a sentence for a conviction under 28 U.S.C. § 1791." (ECF No. 9-1 at PageID 43.) Petitioner argues that the BOP's interpretation of § 3632(d)(4)(D)(xxix), when read in conjunction with § 3584(c), creates an ambiguity, which requires this Court to "'decide legal questions by applying [its] own judgment' and therefore 'make clear that agency interpretations of statutes are not entitled to deference.'" (ECF No. 2-1 at PageID 11 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024)).

Petitioner is mistaken, and the BOP is correct.

First, even though Petitioner's sentence under § 1791 runs consecutive to his other sentences, his total 240-month term of imprisonment is considered one single term. *See Keeling*, 2023 WL 9061914, at *1. A prisoner serving a sentence for a conviction under 28 U.S.C. § 1791 cannot receive time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxix). Multiple terms of imprisonment, whether consecutive or concurrent, are considered "a single, aggregate term of imprisonment"—and not "separate and distinct" from each other. *See* 18 U.S.C. § 3584(c). Therefore, the BOP cannot sever Petitioner's FSA-eligible §§ 841, 846 and 851 sentences from his FSA-ineligible § 1791 sentence, and neither can a court. *See id*. A prisoner's § 1791 sentence disqualifies him from receiving time credits under the FSA for his entire term of imprisonment. *See Keeling*, 2023 WL 9061914, at *1. Because Petitioner is serving a sentence for a § 1791 conviction, he is ineligible to receive time credits for his entire term of imprisonment, regardless

of the fact that his § 1791 sentence only constitutes a portion of his total term. Petitioner may disagree with this approach, but it makes sense. A defendant serving multiple terms of imprisonment does not necessarily serve a particular term first. While it may be in Petitioner's best interest to argue that the time he has already served satisfies his § 1791 sentence, that time could just as well be counted towards his sentences for §§ 841, 846, and 851 violations. Even if the Court could treat his sentences as distinct from one another, it would be impossible to determine which sentence Petitioner started serving first. Regardless, the Court cannot and will not do so.

Second, to the extent Petitioner argues that there is an ambiguity from reading § 3584(c) in conjunction with § 3632(d)(4)(D)(xxix), which requires the Court to apply the rule of lenity set out in *Snyder v. United States*, 603 U.S. 1 (2024)[4], Petitioner's argument is not well taken. In *Bonnie*, the Fourth Circuit rejected a similar argument for the application of the rule of lenity "against BOP's aggregation of his sentences." *Bonnie*, 157 F.4th at 618. As the Fourth Circuit explained, the rule of lenity "only applies when courts can make no more than a guess as to what Congress intended and there is a grievous ambiguity or uncertainty in the statute." *Id*. (internal citation omitted). Because here there is "no such degree of doubt" with respect to "whether [the prisoner's] multiple-term sentence" includes "a disqualifying sentence" and whether "§ 3584(c) directs the BOP to treat such a multiple-term sentence 'as a single, aggregate term of imprisonment,'" the rule of lenity does not apply. *Id*.

[4] *See Snyder*, 603 U.S. at 20-21 (explaining that when "any fair reader of [a] statute would be left with a reasonable doubt about whether it covers the defendant's [] conduct," "judges are bound by the ancient rule of lenity to decide the case . . . not for the prosecutor but for the presumptively free individual") (Gorsuch, J., concurring).

Third, Petitioner's reliance on *Loper Bright* is misplaced. He suggests that the Court should (1) ignore the BOP's interpretation of § 3584(c) and § 3632(d)(4) as applied in Petitioner's case and (2) under *Loper Bright* "apply[] [the Court's] own judgment . . . to decide whether the law means what the agency says." (ECF No. 2-1 at PageID 11.) In *Loper Bright*, the Supreme Court held that courts need not, and under the Administrative Procedures Act may not, defer to an agency's interpretation of the law simply because a statute is ambiguous. 603 U.S. at 412–13. But as explained above, no such ambiguity exists as to interpretation and application of § 3584(c) and § 3632(d)(4)(D)(xxix). The BOP's application of 18 U.S.C. §§ 3632(d)(4)(D)(xxix) and 3584(c) in Petitioner's case is unambiguous, well-supported by case law, and based on the plain language of those statutory sections. Furthermore, *Loper Bright* has no effect on the BOP's application of § 3632(d)(4)(D) and 3584(c) in the instant case. That is because "neither the *Keeling* court nor this Court defer[] to the BOP's interpretation of [the] statute[s] under *Chevron*." *See Brewer v. Harrison*, No. 2:24-cv-2305-SHL-atc, 2025 WL 367398, at * 1 (W.D. Tenn. Jan. 29, 2025). Instead, the plain language of the statutes themselves (§§ 3584(c) and 3632(d)(4)(D)(xxix)) "serves as the basis for the decision." *Id*.

For the reasons explained above, the BOP has correctly applied § 3584(c) in treating Petitioner's multiple sentences as a single sentence for administrative purposes. Likewise, the BOP has correctly determined, based on § 3632(d)(4)(D)(xxix), that Petitioner is ineligible to earn FSA time credits because of his § 1791 conviction. Accordingly, Respondent's Motion to Dismiss (ECF No. 9) is **GRANTED**, and the § 2241 Petition (ECF No. 2) is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[5]

[5] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

**IT IS SO ORDERED**, this 25th day of August, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE